IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:06CR712 |
| Plaintiff, | : | |
| v. | | O R D E R |
| | : | |
| DAVID GEISEN, et al., | | |
| | : | |
| Defendants. | | |

KATZ, J.

At issue before the Court is the motion of Defendants Geisen and Cook for issuance of a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, filed May 22, 2007 (Doc. No. 172). The government has filed an opposition (Doc. No. 176) and Defendants a joint reply (Doc. No. 177).

Subsequent to the filing of Defendants' motion, the Court had discussions with all counsel regarding the pending matter and received a four page letter, dated July 5, 2007, from counsel for Mr. Geisen. In telephonic conferences with counsel, the Court advised all attorneys of its decision to request that the government obtain from the Nuclear Regulatory Commission (NRC), for an *in camera* review, copies of those documents which would be responsive to the subpoena requested by Defendants. All counsel agreed on behalf of their respective clients to the proposed procedure, and the Court has now completed its *in camera* review of the voluminous documents produced. Initially, the Court will note that the purpose of the inquiry was to determine whether, as asserted and suspected

1

by Defendants, counsel for the government had exerted undue influence upon the staff of the NRC with respect to the latter's position in connection with the Wastage Event Report. The scope of the Court's inquiry was not to determine whether the representatives of the Department of Justice (DOJ) had contact with NRC agents or staff members serving within the prosecution team, but rather whether the DOJ had inappropriate contact with the NRC staff after announcement of the completed Exponent Report. Clearly, the inquiry would exclude contact made by DOJ, at the Court's request, regarding the position of the NRC with respect to the Wastage Report. That Report was submitted to the NRC on or about March 20, 2007, and investigated thereafter by the NRC. As previously expressed to counsel, this judge has grave doubts as to the relevancy of the issue presented by the Wastage Report to the matters to be tried pursuant to the indictment issued in this case.

The Court, after a thorough review of the documents furnished by the NRC through government counsel, finds that no basis exists for further investigation into the Defendants' assertions of undue influence by the DOJ upon the NRC. The review of all documents failed to reveal justification for moving further along what clearly appears to be a collateral path. No evidence was found by the Court which would justify an indication of any prosecutorial misconduct by the government team through attempts to influence a decision or decisions of the NRC, either with respect to the Wastage Report or any other issue impacting this pending case. In other words, the Court has found in its review of the documents submitted nothing which would implicate inappropriate conduct by the DOJ and/or the government team in this case which could lead to further investigation of or a determination of prosecutorial misconduct and/or a violation of the Defendants' due process rights. What the Court did find during its review of documents was a few "natural contacts" between attorney and client involving this matter, such as advice to members of the prosecution team as to the

propriety of their attendance at certain meetings or functions.

In Defendants' July 5, 2007, letter to the Court, copies of which were made available to government counsel, they indicated that the Court "will find documents reflecting the prosecutors' statements to the NRC staff – not prosecution team members – regarding the need for the NRC to discredit the Exponent Report. *** we also expect that the Court will review documents reflecting the prosecutors' interactions with Dr. Davis. *** To the extent that those documents reflect the prosecutors' concerns about the effect of the report in the absence of the NRC's rejection of it or related direction to the NRC through Dr. Davis, we do seek disclosure of those clearly non-privileged materials." The Court has found no document which would fall under or be related to the foregoing quoted matters.

To summarize, after a thorough review of the documents forwarded to the Court which would have been responsive to the Rule 17 (c) subpoena requested by the Defendants, the Court finds nothing to justify the assertions or suspicions of the Defendants noted above.

The Court also finds after review of Defendants' subpoena request, that defense counsel have failed to satisfy their burden for issuance of a Rule 17 (c) subpoena. *U.S. v. Nixon*, 94 S.Ct. 3090 (1974). Furthermore, to the extent that defendants seek discovery through the issuance of a subpoena, Rule 17 (c) was not intended to provide a means of discovery in criminal cases. *Nixon*, 94 S.Ct. 3103 (citations omitted).

In view of the foregoing, the motion for issuance of a subpoena is denied.

IT IS SO ORDERED.

                                                    s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE