IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:06 CR 712

  -vs-

                                          O R D E R

DAVID GEISEN, et al.,

                Defendant.

KATZ, J.

Pending before the Court is Defendant Geisen's motion for judgment of acquittal (Doc. No. 250) or, in the alternative, for a new trial which motion was filed on November 28, 2008. Also before the Court are the government's memorandum in opposition and Defendant's reply thereto. On March 20, 2008, the Court heard oral argument on the motion and the issues are ripe for adjudication.

*A. Legal Standards Under Fed. Crim. Rules 29 and 33*

In determining whether the evidence upon which the jury based its decision is sufficient to survive a Rule 29 challenge, this Court is directed by the case law to view the evidence and all reasonable inferences therefrom in a light most favorable to the Government. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992). A verdict should be upheld if, ". . . any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (1997); *United States v. Acosta-Casares*, 878 F.2d 945, 952 (6th Cir.), *cert. denied*, 493 U.S. 899 (1989).

The burden under Rule 33 of the Federal Rules of Criminal Procedure is upon the defendant attacking a jury verdict; that verdict is presumptively valid. *United States v. Turner*, 490 F.Supp. 583 (E. D. Mich. 1979). However, the trial court may overturn the jury's verdict

where the evidence preponderates heavily against the verdict tantamount to a miscarriage of justice. *United States v. Pierce,* 62 F.3d 818, 825-826 (6th Cir. 1995).

*B. Discussion*

As noted at the outset of the oral argument, this Court reiterates the issue, under Rule 29, is whether there is sufficient evidence from which a reasonable jury, deliberating with the guidance of proper instructions, could have determined guilt beyond a reasonable doubt, not beyond *all* doubt. Counsel for both sides have been zealous advocates for their clients and the Court lauds their professionalism.

The Court has reviewed the memoranda filed by the parties and reviewed the transcript of the oral argument, giving due consideration to both sides' arguments. Distilled to its essence, the Defendant argues the government did not present evidence of knowledge of falsity with the intent to deceive. This Court does not agree.

Although a close case, the evidence presented, including testimony from the Defendant himself, when viewed cumulatively, constitutes sufficient direct and circumstantial evidence upon which a reasonable jury, utilizing the standard "beyond a reasonable doubt", could have based a finding of knowledge and intent.

The Defendant's arguments regarding inconsistent verdicts are also unavailing as inconsistent verdicts do not necessarily mandate an acquittal. *United States v. Powell*, 469 U.S. 57 (1984). A comparison of the jury's acquittal of Mr. Cook as contrasted with the Defendant requires the Court to circumvent the jury's determinations regarding credibility and weight of the evidence, an improper role for the reviewing court. *United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989).

With respect to the Defendant's motion for new trial under Rule 33, the gravamen of the argument is that the Court erred in giving the "deliberate ignorance" instruction, thus misleading the jury. The pattern instruction, given with some small additional direction to the jury, has been approved in multiple cases cited by the Government at page 32 of its memorandum. The Circuit has repeatedly held that the instruction is harmless error where sufficient evidence of actual knowledge was present. This is the case here. The jury, as in many cases involving state of mind or intent or knowledge, had before it facts from which it could reasonably conclude that Geisen knowingly included or omitted information or statements which thus misled the NRC. Finally, the Court does not find the verdict is against the manifest weight of the evidence so as to amount to a miscarriage of justice.

This Court has not exhaustively written herein on the issues raised by Defendant and addressed by the Government in approximately 100 typed pages of briefing and two hours of oral argument. It is the conclusion of this Court that the Government's reasoning and conclusions warrant denying Defendant's motion under consideration.

For the foregoing reasons, the Defendant's motion for acquittal pursuant to Rule 29 and for a new trial pursuant to Rule 33 (Doc. No. 250) is DENIED.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE