IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,                Case No. 3:06 CR 712

    -vs-

                                                MEMORANDUM OPINION
DAVID GEISEN,                                      AND ORDER

                  Defendant.

KATZ, J.

       Defendant through legal counsel has filed a Motion to terminate the Court's employment ban (in the nuclear industry) provision of his sentence. (Doc. No. 376). The Government has filed an opposition (Doc. No. 377) and Defendant a reply (Doc. No. 378). In addition, the Court heard oral argument on November 24, 2009 by video conference (with the consent of the parties and counsel).

       The Court will not relate fully the background of this matter; suffice to say that Defendant Geisen was found guilty by a jury of three counts of violating 18 U.S.C. § 1001, making false statements to the Nuclear Regulatory Commission ("NRC"). In May of 2008 the Court sentenced Geisen to a term of probation for three years; that term included a significant fine of $5,000 of each of the three counts for a total of $15, 000; home confinement with electronic monitoring for a period of six months; significant hours of community service; and a three year ban on employment in the nuclear industry. The Court is advised by the Probation Officers that Geisen has discharged his obligations in all respects, with only the ban remaining as a special condition.

       At sentencing, this judge stated that he would consider eliminating the ban on employment in the nuclear industry, if appropriate, in the future. Such is now the case for on August 28, 2009, the NRC's Atomic Safety and Licensing Board ("Board") restored Giesen's license to work in the

nuclear industry effective immediately. The NRC staff prosecuting that matter appealed the decision and applied for a stay of its immediate effectiveness. On October 26, 2009 the Secretary of the NRC *sua sponte* extended the time for the NRC's Commissioners to rule on the appeal "until further notice." The application for stay was not granted and the Board's ruling remains in full force and effect.

The Government opposes the motion to lift the ban created by this Court on the primary ground that Geisen should be deemed to be a recidivist if employed within the nuclear industry. A significant reason, according to the Government, is his lack of admission of wrongdoing. As pointed out by counsel for the Defendant in its brief filed December 1, 2009 (Doc. No. 379) the Board in its majority ruling stated as follows:

> One of the key factors in establishing the length of a potential ban is whether the subject has taken responsibility for his actions and expressed the appropriate remorse. On this point, the Staff tells us – and the Dissent (at 52-53) agrees – that because Mr. Geisen did not admit to his guilt, this factor weighed against him in setting the length of the employment ban. Moreover, having heard Mr. Geisen's testimony, the key Staff witness on the sanctions issue, Kenneth O'Brien of Region III, who had the lead role in the original enforcement decision, now asserts that Mr.
> Geisen's continuing refusal to admit his guilt exacerbates the weight of this factor (Tr. At 2119). Not only that, but the Staff presentation – pointing to the provision of the Order (at 15) that requires Mr. Geisen to seek Staff approval to return to the regulated industry once the employment ban expires – suggested that the Staff might be planning to take that factor into account in determining whether to authorize such a step.
>
> If this is the Staff's position, we reject it entirely. We observed Mr. Geisen, throughout his testimony, engage in searching self-examination and confirm what he has said from the beginning of the investigation, namely, that in retrospect he wishes he had done far more to uncover the problems with FENOC's submissions and to address the entire matter much more aggressively. As we have seen, his agonizing admission of what he "should have done" does not prove the deliberate misconduct charges against him; but what it does do is at least eliminate the negative aspects the Staff would see in the "taking responsibility" and "expressing regret" factors – and to some degree turn them into positive attributes that count in his favor.

2

> In view of the outcome we have reached in the entire case, we could stop there on this issue but for the Staff's potential threat that this factor may be used against Mr. Geisen were he to seek to return to the regulated industry. Accordingly, we additionally rule that <u>the evidence the Staff presented provides no basis for using the "pre-approval" aspect of the Order to block any such return by Mr. Geisen</u>. Of course, if any evidence emerges between now and then that would call for a further ban on Mr. Geisen;s employment in the regulated industry, the Staff is free to issue another Enforcement Order to that effect.

Initial Decision pp. 121-122 (Emphasis added).

This Court finds no reason to assume that the Government's position that Geisen is prone to recidivate is an accurate reflection of the history of this matter from beginning to this point, with all of which this Court has great familiarity. Thus, this Court finds that if this condition is removed from the Defendant Geisen's conditions of probation it will not signal an open door for repeat violations of law. The Court believes that an admission of guilt is not necessary to defeat a claim of susceptibility to recidivism.

The Court's position is further buttressed by the denial of a stay requested by the NRC Staff opposing the findings and order of the Board. In its Memorandum and Order denying the Staff's request for a stay of the Board's Order, the NRC considered each of the factors relevant to its decision. It found that three of the four factors weighed in Geisen's favor. At page 3 of the Opinion (attached as an Exhibit to the Government's opposition (Doc. No. 377)), the NRC Commissioners stated:

> The Staff says little regarding the potential harm to Mr. Geisen if a stay is granted, observing only that, as long as Mr. Geisen remains under the district court's three-year debarment, a stay will not result in substantial harm to him. However, as Mr. Geisen points out, a stay of effectiveness of the Board's order would preclude him from petitioning the district court for relief from a condition of his sentence. In our view, this factor weighs in Mr. Geisen's favor.

The Government during oral argument and subsequent memorandum also relies on the case of *Ritter v. United States*, 118 F.3d 502 (6th Cir. 1997) for the request it made that, if this Court's employment ban is lifted, a condition should be created that during his probation Geisen notify any NRC personnel he comes into contact with of the fact of his felony convictions. The Court agrees with defense counsel that *Ritter* is a vastly different case from the Geisen case. Ritter twice embezzled and twice initiated the technique for his thievery. He did not tell his employer or his family about his condition. In this case everyone in the industry is presumed to know about this matter and his family has lived his entire legal experience with him. His present as well past employers know of his conviction. In fact, his present employer, even though knowledgeable about Geisen's conviction, has supported the lifting of the employment ban.

The Court *sua sponte* raised the issue of its jurisdiction to rule on this motion because of the transfer of jurisdiction for oversight during probation to the Probation Department in Green Bay, Wisconsin. Both the Defendant and the Government have agreed that this Court should rule on the motion to lift the employment ban and the Court will do so.

In summary, this Court finds that the motion to lift the ban of employment within the nuclear industry as included in the terms and conditions of probation should be and hereby is lifted. As indicated at oral argument, this Court finds that the Board is far better qualified, both by training and experience, to make the determination regarding continued involvement by Geisen in the nuclear industry than is this Court. Further, this Court is convinced that Defendant Geisen does not pose a significant threat to the community through acts equating to recidivism while employed in said industry. The condition of probation imposed by this Court banning the

Defendant Geisen from employment in the nuclear industry is hereby terminated effective with the filing of this order.

    IT IS SO ORDERED.

                                                      s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE